UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY WEBB                                CIVIL ACTION NO. 19-cv-1102

VERSUS                                    CHIEF JUDGE HICKS

DOUG SHURLING, ET AL                      MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Terry Webb ("Plaintiff"), who is self-represented, field this civil action against Doug Shurling and The Guardian-Journal, which is a newspaper published in Homer, Louisiana. Plaintiff alleges that Shurling caused a photo to be published in the newspaper that was defamatory to Plaintiff. Plaintiff seeks $150,000 in damages. For the reasons that follow, it is recommended that the complaint be dismissed because this federal court lacks jurisdiction over the asserted claims.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

Plaintiff filed his complaint on a form provided for the initiation of a complaint for the violation of civil rights. He checked a box on the form to indicate that federal question was the basis for jurisdiction, and he specified "FIRST AMENDMENT AND DEFAMATION/slander/libel" as well as "Fourth Amendment: privacy rights" as the specific federal laws at issue. The form asked Plaintiff to provide a short and plain statement of the facts that supported his claim. He wrote as follows:

> The defendant entered onto the premises of my property, without my consent and took pictures for the sole purpose of campaigning for the police juror in my parish and used the picture in the Guardian journal a local newspaper. The defendant stated in the article that the plaintiff property was in some way a negative look and he would clean it up and that i gave a bad impression to the town. the plaintiff states that this is defamation on the part of the defendants and both parties are liable for their actions in this matter. the defendant Mr. Shurling is very defaming to the plaintiff and the printing of the story by the Guardian Journal is also libel in this matter.

**Federal Question**

Plaintiff invokes federal question jurisdiction, which is governed by 28 USC § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint invokes the First and Fourth Amendments. Violations of the constitution are actionable under 42 USC § 1983, which provides a cause of action for a constitutional violation committed by a person acting under color of state law (such as a policeman, town mayor, or a corrections officer). West v. Atkins, 108 S.Ct. 2250 (1988). The complaint in this case does not allege that either defendant is a state official or state actor. Rather, it suggests that they are a private citizen and private company, so no Section 1983 claim could lie against either of them. "Private individuals generally are not considered to act under color of law" for purposes of Section 1983. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005).

Similar attempts to assert similar Section 1983 claims against news organizations have been rejected. See Lavergne v. Dateline NBC, 597 Fed. Appx. 760 (5th Cir. 2015) (NBC was not a state actor but rather a private broadcasting corporation so not subject to Section 1983 claim); Payne v. City of Mobile Police Dep't, 2015 WL 9703356, *3 (S.D. Ala. 2015) (holding "Fox 10 News is not a state actor," and collecting similar cases). There is, therefore, no basis for a colorable or non-frivolous claim under 42 U.S.C. § 1983 or other federal law against the named defendants. Absent such a claim, there is no basis for federal question jurisdiction.

**Diversity Jurisdiction**

The only other potentially applicable basis for federal court jurisdiction would be diversity of citizenship under 28 USC § 1332. That statute applies only if the citizenship of each defendant is diverse from that of each plaintiff. Plaintiff alleges that he and both defendants reside in Homer, Louisiana. He has not made any effort to invoke diversity

jurisdiction, nor has he pleaded facts that would support it. Accordingly, there is no basis for the court to hear the complaint under Section 1332.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow Louisiana citizen under a tort such as defamation or invasion of privacy, as discussed in <u>Jaubert v. Crowley Post-Signal, Inc.</u>, 375 So. 2d 1386 (La. 1979), a case that arose after a newspaper published a photograph depicting a home with a caption that referred to the home as "a bit weatherworn and unkempt." But "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." <u>Guiterrez</u>, 543 F.3d at 252, quoting <u>Bernhard v. Whitney Nat'l Bank</u>, 523 F.3d 546, 551 (5th Cir. 2008). Plaintiff may be entitled to seek relief in state court on his state law claims, but this federal court lacks jurisdiction over his complaint.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge